UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,**

 **Plaintiff,**

v.                    **Case No: 5:13-cv-251-Oc-22PRL**

**NANCY H. CALHOUN**

 **Defendant.**

### REPORT AND RECOMMENDATION[1]

Pending before the Court is Defendant's Motion for Attorney's Fees.  (Doc. 25).  For the reasons discussed below, Defendant's Motion should be **GRANTED in part and DENIED in part**.

**I. Background**

Plaintiff, The Travelers Home and Marine Insurance Company (hereinafter "Plaintiff" or "Travelers"), filed a Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202 against Defendant, Nancy H. Calhoun, individually and as personal representative of the Estate of Frank G. Calhoun (hereinafter "Defendant" or "Calhoun").  (Doc. 1).  In its Complaint, Plaintiff sought a declaration that it had properly discharged its contractual obligations in handling a claim by Defendant for uninsured motorist/underinsured motorist coverage, that it did not act in bad faith in handling the claim, and that it was not liable for any amount above the $100,000 policy limit.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Defendant responded to the Complaint with a Motion to Dismiss. (Doc. 12). Defendant asserted that whether Plaintiff had handled the claim in bad faith was already pending in state court. Defendant explained that it had filed a state court action against Travelers in March 2012, which resulted in a jury verdict in Ms. Calhoun's favor. Following the award of the jury verdict, Ms. Calhoun had moved for leave to amend her state court complaint to add a bad faith count, and soon after, Travelers (the plaintiff here) filed the instant federal action. Defendant argued, amongst other things, that Travelers was seeking to resolve in federal court a claim that was being litigated at the same time in a parallel state court action. Thus, Defendant urged the Court to abstain from deciding this declaratory action and to dismiss the case.

Relying on the abstention doctrine, the District Judge declined to exercise jurisdiction over this case. (Doc. 24). Accordingly, the District Judge granted Defendant's Motion to Dismiss and dismissed the Complaint without prejudice. Defendant subsequently filed the instant Motion for Attorney's Fees, in which she seeks attorney's fees under Fla. Stat. § 627.428. (Doc. 25).

**II. Discussion**

    **A. Whether Defendant is Entitled to Attorney's Fees**

Defendant argues that she is entitled to attorney's fees under Fla. Stat. § 627.428, which does not use a "prevailing party" standard. (Doc. 25). Rather, an insured is entitled to attorney's fees under § 627.428 if a judgment is entered in her favor. Specifically, the statute provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

Fla. Stat. § 627.428(1).[2]

Plaintiff opposes the motion for attorney's fees, and argues that the dismissal of its Complaint was not the functional equivalent of a judgment in favor of the insured, and that the motion is premature because there has not yet been a determination as to whether Plaintiff (the insurer) acted in bad faith in handling Defendant's insurance claim.

The Court strictly construes § 627.428, as this statute is "a penalty against an insurer who wrongfully refuses to pay a legitimate claim." *Great Sw. Fire Ins. Co. v. DeWitt*, 458 So. 2d 398, 400 (Fla. Dist. Ct. App. 1984). Nonetheless, the insured need not succeed on the merits or obtain a monetary recovery to recover attorney's fees. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distribs., Inc.*, 270 F. App'x 962, 964 (11th Cir. 2008); *Old Republic Ins. Co. v. Monsees*, 188 So. 2d 893, 895 (Fla. Dist. Ct. App. 1966) (interpreting the statute that preceded § 627.428).

In *Monsees*, for example, an insured party sued his insurance company in the Court of Record for Broward County ("Court of Record"). 188 So. 2d at 894. The insurance company then filed suit in the Circuit Court for Broward County ("Circuit Court"). *Id.* The Circuit Court dismissed that suit because: (1) the Court of Record had jurisdiction over the case at that point; and (2) the insurance company had an adequate remedy through defense of the case in the Court of Record. *Id.* Although the insurance company ultimately prevailed in the Court of Record, the Florida District Court of Appeal concluded that the insured party was entitled to attorney's fees for the defense of the Circuit Court case. *Id.* at 894-95. The Florida District Court of Appeal

---

[2] Because Plaintiff brought this declaratory judgment action on the basis of diversity jurisdiction, "state law applies to any issue not governed by the Constitution or treaties of the United States or Acts of Congress." *Mid-Content Cas. Co. v. Am. Pride Bldg. Co., LLC*, 601 F.3d 1143, 1148 (11th Cir. 2010); *see also All Underwriters v. Weisberg*, 222 F.3d 1309, 1312 (11th Cir. 2000) (holding that § 627.428 is substantive law); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571 (11th Cir. 1991) ("In a diversity case, a federal court applies the substantive law of the forum state, unless federal constitutional or statutory law is contrary."); (Doc. 1 at 1).

explained that the final judgment dismissing the Circuit Court case constituted a judgment against the insurance company in favor of the insured under an insurance policy executed by the insurer. *Id.* at 895. Although the insured party did not receive a monetary recovery, nor was there an adjudication on the merits, he had successfully defended the Circuit Court case and obtained "total and complete" recovery of costs, attorney's fees, and the dismissal of the case. *Id.*

Like the insured party in *Monsees*, Defendant here is entitled to attorney's fees in this case. That Defendant did not obtain a monetary judgment in this federal action and that the District Judge did not rule on the merits of this case are of no moment. *See Prime Ins. Syndicate, Inc.*, 270 F. App'x at 964; *Monsees*, 188 So. 2d at 895. Rather, what is critical is that Defendant successfully defended this case and obtained "total and complete" recovery through the dismissal of the action. *See Monsees*, 188 So. 2d at 895; (Doc. 24). Accordingly, attorney's fees under § 627.428 are warranted.

The undersigned further notes that the cases on which Plaintiff relies are unavailing. First, Plaintiff relies on cases involving voluntary dismissals. (*See* Doc. 26 at 3-4). Here, however, Plaintiff did not voluntary dismiss the action: Defendant filed, and succeeded on, a motion to dismiss. (*See* Docs. 12 and 24). Second, Plaintiff relies on cases in which courts have addressed whether abstention constitutes a ruling on the merits. (*See* Doc. 26 at 3-4). As discussed above, however, a ruling on the merits is not necessary to obtain attorney's fees under § 627.428. *See Prime Ins. Syndicate, Inc.*, 270 F. App'x at 964. Finally, Plaintiff reliance on *Puig v. Pasteur Health Plan, Inc.*, 640 So. 2d 101 (Fla. Dist. Ct. App. 1994), to assert that there is no prevailing party in this case, is equally misplaced, as that case did not involve an application of § 627.428. *See Puig*, 640 So. 2d at 102.

Accordingly, because § 627.428 applies in this declaratory judgment action that is based on diversity jurisdiction, and consistent with *Monsees*, the undersigned agrees that an award of fees under the statute is warranted.

### B. Amount of Attorney's Fees

Defendant seeks a total of $15,980.00 in attorney's fees for the time that attorneys Stephen A. Marino and Rochelle N. Wimbush spent working on this case. (Doc. 25). Specifically, Defendant asserts that Attorney Marino spent 9.6 hours working on this case and that his current hourly rate is $550.00. Defendant asserts that Attorney Wimbush spent 42.8 hours working on this case and that her current hourly rate is $250.00. In support of these hourly rates, Defendant explains that the firm at which Marino and Wimbush are employed—Ver Ploeg & Lumpkin, P.A.—is located in Miami and Orlando and that it possesses an expertise in insurance coverage and bad faith litigation. Marino is a partner at Ver Ploeg & Lumpkin, P.A., and he has 17 years of commercial litigation experience, much of which has been in insurance disputes. Wimbush is an associate at Ver Ploeg & Lumpkin, P.A., and she has four years of litigation experience, all of which has involved insurance disputes. Defendant has attached to her motion the time records of her attorneys. (Doc. 25, Exh. A).

Plaintiff objects to the $15,980.00 sought by Defendant. (Doc. 26). Plaintiff argues that Defendant's counsel has intermingled the time spent working on this action with the time spent working on the state court action. If attorney's fees are awarded, Plaintiff asserts that they should be awarded only for the work done on this federal action. Finally, Plaintiff argues that a review of Defendant's time records is impossible because a number of the entries are redacted. Should the Court award attorney's fees, Plaintiff asserts that Defendant should be required to submit unredacted time records.

In determining a reasonable attorney's fee under § 627.428, the Court applies the federal lodestar approach. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146, 1150 (Fla. 1985); *see also Standard Guar. Ins. Co. v. Quanstrom*, 555 So. 2d 828, 830-35 (Fla. 1990) (affirming, in a case involving attorney's fees under § 627.428, the use of the lodestar amount as a starting point in determining a reasonable attorney's fee). In applying this approach, the Court multiplies the number of hours reasonably expended by the reasonable hourly rate to determine the lodestar amount. *Rowe*, 472 So. 2d at 1150-51.

As to the number of hours expended, counsel must present accurate "records detailing the amount of work performed." *Id.* at 1150. "Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." *Id.* An attorney will not receive fees for work done in another case. *TemPay Inc. v. Biltres Staffing of Tampa Bay, LLC*, 2013 WL 5874772, at *2 (M.D. Fla. Oct. 30, 2013). The applicant for attorney's fees "bears the burden of documenting the time spent on litigation and must provide specific and detailed evidence from which a determination of the reasonableness of the hourly rates for the work performed can be made." *Id.* (awarding attorney's fees for redacted time entries only where the entries "contain[ed] sufficient particularity to assess [the] reasonableness of the time expended").

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The party seeking attorney's fees <u>bears the burden</u> of establishing the prevailing market rate. *Rowe*, 472 So. 2d at 1151. The trial court is an expert on the question of the reasonableness of fees and may consider its own knowledge and experience. *Norman*, 836 F.2d at 1303.

A review of Defendant's attorney time records reveals a number of entries that either do not appear to be related to the instant case or that fail to contain sufficient particularity to allow the undersigned to determine whether the time expended was reasonable. *See TemPay, Inc.*, 2013 WL 5874772, at *2; (Doc. 25, Exh. A). Specifically, the undersigned is unable to ascertain whether the following entries relate to the instant case and if so, whether they are reasonable:

- May 6, 2013: "Draft/revise attorney notes regarding [redacted]"
- May 15, 16, 20, 21, and 30, 2013: all entries
- June 4 and 24, 2013: all entries
- July 9, 2013: "Receive and review email correspondence from Peter Gulden regarding [redacted]"
- July 9, 2013: "Receive and review email correspondence from Janice Lunn regarding [redacted]"
- July 12, 2013: "Research [redacted]"
- August 19, 2013: "Office conference with [Stephen A. Marino] regarding [redacted]"
- August 27, 2013: "Research case law pertaining to [redacted]"
- September 25, 26, 27, and 30, 2013: all entries
- October 15, 2013: "Receive and review email correspondence from Janice Lunn [redacted] regarding [redacted]"
- October 15, 2013: "Receive and review email correspondence from Janice Lunn [redacted]"
- October 15, 2013: "Receive and review email correspondence from Susan Stafford regarding [redacted]"
- October 15, 2013: "Receive and review correspondence from Ms. Faiella to Joe Kissane and Daniel Duello regarding proposed final judgment"
- October 15, 2013: "Receive and review email correspondence from Daniel Duello regarding letter from Ms. Faiella"
- October 16 and 21, 2013: all entries
- October 25, 2013: "Receive and review correspondence from Janice Lunn regarding [redacted]"
- October 29, 2013: "Office conference with [Stephen A. Marino] regarding [redacted]"

(*See* Doc. 25, Exh. A). With respect to these entries, therefore, Defendant fails to meet her burden to provide specific and detailed evidence that this work was reasonable, necessary, and—importantly—directly related to this federal case. *See TemPay Inc.*, 2013 WL 5874772, at *2. Accordingly, the Court will eliminate this time from the award. After the Court eliminates from

consideration the time related to the above entries, what remains in terms of countable time is 3.0 hours expended by Attorney Marino and 31.8 hours expended by Attorney Wimbush.

Next, as to the reasonable hourly rate, neither party has offered evidence to support or refute Defendant's requested hourly rates. Based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned recommends that the requested hourly rate for Attorney Marino be reduced from $550.00 to $350.00 and that the requested hourly rate for Attorney Wimbush be reduced from $250.00 to $200.00. *See, e.g.*, *Henns v. MONY Life Ins. Co. of Am.*, 2012 WL 1599871, at *3-5 (M.D. Fla. Apr. 13, 2012) (recommending—in a case in the Ocala Division—under § 627.428, hourly rates of $300.00 for attorneys with 11 and 15 years' experience and $250.00 for attorneys with more than 4 years' experience), *recommendation adopted*, 2012 WL 1599866, at *3 (M.D. Fla. May 7, 2012); *Rynd v. Nationwide Mut. Fire Ins. Co.*, 2012 WL 939387, at *15-16 (M.D. Fla. Jan. 25, 2012) (recommending—in a case in the Tampa Division—under § 627.428, hourly rates of $425 for Attorney Marino and $200 for an attorney with 5 years' experience); *recommendation adopted*, 2012 WL 939247, at *4 (M.D. Fla. Mar. 20, 2012); *Kearney v. Auto-Owners Ins. Co.*, 2011 WL 1527262, at *1-3 (M.D. Fla. Apr. 21, 2011) (awarding attorney's fees—in a case in the Tampa Division—under § 627.428 at hourly rates of $225.00 for an attorney with 16 years' experience and $125.00 for an attorney with 5 years' experience).

In sum, the undersigned recommends that Attorney Marino's hours be reduced to 3.0 and that his hourly rate be reduced to $350.00, which would result in $1,050.00 in attorney's fees for Marino's work. The undersigned recommends that Attorney Wimbush's hours be reduced to 31.8 and that her hourly rate be reduced to $200.00, which would result in $6,360.00 in attorney's fees for Wimbush's work. The total attorney's fees would thus be $7,410.00.

**III.   Recommendation**

In light of the foregoing discussion, it is respectfully **RECOMMENDED** that Defendant's Motion for Attorney's Fees (Doc. 25) should be **GRANTED** to the extent that Defendant be awarded **$7,410.00** in attorney's fees and otherwise **DENIED**.

Recommended in Ocala, Florida on February 21, 2014.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy