UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY,**

        **Plaintiff,**

v.                                                                            **Case No: 5:13-cv-251-Oc-22PRL**

**NANCY H. CALHOUN,**

        **Defendant.**

_____/

**ORDER**

This cause comes before the Court on Defendant Nancy Calhoun's Motion for Attorney Fees, filed on November 8, 2013. (Doc. No. 25). Plaintiff The Travelers Home and Marine Insurance Company ("Travelers") responded in opposition. (Doc. No. 26).

On February 21, 2014, Magistrate Judge Lammens submitted a report recommending that Defendant's Motion for Attorney Fees be granted in part and denied in part. (Doc. No. 28).

After an independent *de novo* review of the record in this matter, including the objection filed by Defendant (Doc. No. 29) and Defendant's Motion for Leave to File Under Seal Unredacted Time Records (Doc. No. 30), the Court agrees entirely with the findings of fact and conclusions of law in the Report and Recommendation. ("R & R").

**I.  BACKGROUND**

*A.  Procedural History*

On May 28, 2013, Travelers filed this suit against Defendant Nancy Calhoun ("Defendant") for declaratory relief pursuant to 28 U.S.C. § 2201 and 2202. (Doc. No. 1). In its

Complaint, Travelers sought a declaration that it properly handled Defendant's uninsured/underinsured motorist claim and that it was not liable to Defendant for any amount over the at issue policy limit. (*Id.* at p. 6). Defendant responded to the Complaint by filing its Motion to Dismiss. (Doc. No. 12). Relying on the abstention doctrine, the Court granted Defendant's Motion to Dismiss and dismissed Travelers' Complaint without prejudice. (Doc. No. 24). On November 8, 2013, Defendant filed her Motion for Attorney Fees, seeking to recover fees under Florida Statute § 627.428. (Doc. No. 25). On February 21, 2014, Judge Lammens issued the R & R, recommending that Defendant's Motion for Attorney Fees be granted "to the extent that Defendant be awarded $7,410.00 in attorney's fees and otherwise denied." (Doc. No. 28 at p. 9).

## II.  LEGAL STANDARD

In the Eleventh Circuit, a district judge may accept, reject or modify a magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982), *cert. denied*, 459 U.S. 1112, 103 S.Ct. 744 (1983). A district judge must conduct a *de novo* review of the portions of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citing H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess., *reprinted in* 1976 U.S. Code Cong. & Admin. News 6162, 6163). A district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper–Houston v. Southern Ry.*, 37 F.3d 603, 604 (11th Cir. 1994).

### III. DISCUSSION

Defendant does not object to Judge Lammens' recommendation that an award of fees in this case is warranted. (Doc. No. 28 at pp. 2-5).[1] The Court does not address this issue any further. Next, the Court turns to Defendant's objections to the Magistrate Judge's calculation of fees.

*A. Defendant's Motion for Leave to File Under Seal & Hours Reasonably Expended*

Initially, the Court denies Defendant's request to file unredacted time sheets for the Court to consider in conjunction with Defendant's objections. Because Defendant's Motion for Leave to File Under Seal presents issues intertwined with Defendant's objections as to the reasonableness and relatedness of certain entries in her fee request, the Court addresses these issues together. In regards to the severely redacted versions of these records, Magistrate Judge Lammens stated:

> As to the number of hours expended, counsel must present accurate "records detailing the amount of work performed. Inadequate documentation may result in a reduction in the number of hours claimed, as will a claim for hours that the court finds to be excessive or unnecessary." An attorney will not receive fees for work done in another case. The applicant for attorney's fees "bears the burden of documenting the time spent on litigation and must provide specific and detailed evidence from which a determination of the reasonableness of the hourly rates for the work performed can be made."
>
> . . . .
>
> A review of Defendant's attorney time records reveals a number of entries that either do not appear to be related to the instant case or that fail to contain sufficient particularity to allow the undersigned to determine whether the time expended was reasonable. Specifically, the undersigned is unable to ascertain whether the following entries relate to the instant case and if so, whether they are reasonable:
>
> • May 6, 2013: "Draft/revise attorney notes regarding [redacted]"

---

1 Travelers untimely filed both its Response in Opposition to Motion for Leave to File Under Seal Unredacted Time (Doc. No. 31) and its Response to Defendant's Objections to Report and Recommendations. (Doc. No. 32). The Court does not consider these filings.

- May 15, 16, 20, 21, and 30, 2013: all entries
- June 4 and 24, 2013: all entries
- July 9, 2013: "Receive and review email correspondence from Peter Gulden regarding [redacted]"
- July 9, 2013: "Receive and review email correspondence from Janice Lunn regarding [redacted]"
- July 12, 2013: "Research [redacted]"
- August 19, 2013: "Office conference with [Stephen A. Marino] regarding [redacted]"
- August 27, 2013: "Research case law pertaining to [redacted]"
- September 25, 26, 27, and 30, 2013: all entries
- October 15, 2013: "Receive and review email correspondence from Janice Lunn [redacted] regarding [redacted]"
- October 15, 2013: "Receive and review email correspondence from Janice Lunn [redacted]"
- October 15, 2013: "Receive and review email correspondence from Susan Stafford regarding [redacted]"
- October 15, 2013: "Receive and review correspondence from Ms. Faiella to Joe Kissane and Daniel Duello regarding proposed final judgment"
- October 15, 2013: "Receive and review email correspondence from Daniel Duello regarding letter from Ms. Faiella"
- October 16 and 21, 2013: all entries
- October 25, 2013: "Receive and review correspondence from Janice Lunn regarding [redacted]"
- October 29, 2013: "Office conference with [Stephen A. Marino] regarding [redacted]"

With respect to these entries, therefore, Defendant fails to meet her burden to provide specific and detailed evidence that this work was reasonable, necessary, and—importantly—directly related to this federal case. Accordingly, the Court will eliminate this time from the award . . . .

(*Id.* at pp. 6-7) (internal citations omitted). Defendant now claims that the "subject entries were redacted in an abundance of caution to prevent disclosure of attorney-client and work-product information." (Doc. No. 29 at p. 3). However, these unredacted records were not made available to the Magistrate Judge and, even more significantly, Defendant made no explanation for the heavy redaction of these records until *after* Judge Lammens issued the R & R. Defendant offers no valid reason for her failure to present this argument to the Magistrate Judge in the first instance. As the First Circuit Court of Appeals stated, "it would be fundamentally unfair to

- 4 -

permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge." *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir. 1988).

It is in the Court's "broad discretion" whether to consider new evidence after Defendant previously had the opportunity to offer it, but decidedly chose not to. *See Williams v. McNeil,* 557 F.3d 1287, 1292 (11th Cir. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). Moreover, in her objection, Defendant specifically noted that "[r]egarding the scope of review, litigants generally must present their evidence and arguments to the magistrate judge in the first instance to preserve review . . . ." (Doc. No. 29 at p. 3 n.3 (citations omitted)). The Court finds it inappropriate to consider evidence and arguments presented for the first time in Defendant's objections, and therefore declines to do so. *See Williams*, 557 F.3d at 1291 (approving district court's refusal to consider new argument set forth in objections where party had opportunity to present such argument to magistrate judge and failed to do so); *see also United States v. Howell,* 231 F.3d 615, 621 (9th Cir. 2000) (holding that district courts are not required to consider evidence presented for the first time in objections to a magistrate judge's report and recommendation).

With respect to the number of hours expended in this matter, the Court agrees entirely with Judge Lammens' analysis. Confusingly, Defendant seems to accept that certain entries are clearly not related to this federal case by not raising any objection to their omission, (*see, e.g.,* Doc. No. 25-1 (5.80 hours on "Appear for/attend m/leave to amend; travel re: same (cancelled)), yet still claims entitlement to the full amount previously requested, i.e., $15,980.00. (*Compare*

(Doc. No. 25 at p. 7), *with* (Doc. No. 29 at p. 6)). As to Defendant's invitation for the Court to now consider specific and detailed explanation of the time entries (Doc. No. 29 at p. 4), the Court declines for the same reasons previously stated. *See Williams*, 557 F.3d at 1291. As such, these objections are overruled.

After *de novo* review, the Court finds that the Magistrate Judge's legal reasoning and factual findings are correct and adopts the same rationale set forth in the Magistrate Judge's Report and Recommendation. The Court finds that the entries outlined by Judge Lammens (Doc. No. 28 at p. 7) are not sufficiently specific and detailed to show that the time expended was reasonable, necessary, and directly related to this federal case. Defendant has failed to meet her burden to prove the amount of fees, which she herself has recognized that she must do. (*See* Doc. No. 25 at p. 4 ("The burden is on Ms. Calhoun to prove the amount if its [sic] fees.")). After eliminating the time from these entries, "what remains in terms of countable time is 3.0 hours expended by Attorney Marino and 31.8 hours expended by Attorney Wimbush." (Doc. No. 28 at p. 8).

### B.  Reasonable Hourly Rates

The Court also overrules Defendant's objections as to Magistrate Judge Lammens' calculation of the hourly rates of Attorney Marino and Attorney Wimbush. On this issue, Judge Lammens found:

> Next, as to the reasonable hourly rate, neither party has offered evidence to support or refute Defendant's requested hourly rates. Based upon the Court's own experience and familiarity with rates in the Ocala Division, the undersigned recommends that the requested hourly rate for Attorney Marino be reduced from $550.00 to $350.00 and that the requested hourly rate for Attorney Wimbush be reduced from $250.00 to $200.00. *See, e.g.*, *Henns v. MONY Life Ins. Co. of Am.*, 2012 WL 1599871, at *3-5 (M.D. Fla. Apr. 13, 2012) (recommending—in a case in the Ocala Division—under § 627.428, hourly rates of $300.00 for attorneys with 11 and 15 years' experience and $250.00 for attorneys with more than 4 years' experience), *recommendation adopted*, 2012 WL 1599866, at *3 (M.D.

>Fla. May 7, 2012); *Rynd v. Nationwide Mut. Fire Ins. Co.*, 2012 WL 939387, at *15-16 (M.D. Fla. Jan. 25, 2012) (recommending—in a case in the Tampa Division—under § 627.428, hourly rates of $425 for Attorney Marino and $200 for an attorney with 5 years' experience); *recommendation adopted*, 2012 WL 939247, at *4 (M.D. Fla. Mar. 20, 2012); *Kearney v. Auto-Owners Ins. Co.*, 2011 WL 1527262, at *1-3 (M.D. Fla. Apr. 1, 2011) (awarding attorney's fees—in a case in the Tampa Division—under § 627.428 at hourly rates of $225.00 for an attorney with 16 years' experience and $125.00 for an attorney with 5 years' experience).

(*Id.* at p. 8). The Court agrees with this analysis. The cases cited by Defendant in her objections either mistakenly focus on cases from different localities and courts, or simply are not persuasive as to this case.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). "The general rule is that the 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is 'the place where the case is filed.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999) (quoting *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994)). "If a fee applicant desires to recover the non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." *Barnes*, 168 F.3d at 437; *see also Brooks v. Ga. State Bd. of Elections,* 997 F.2d 857, 869 (11th Cir. 1993) (upholding decision to award non-local rates based on the district court's finding that there were no local attorneys who could have handled the case); *Am. Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas Cnty.,* 278 F. Supp. 2d 1301, 1310 n.4 (M.D. Fla. 2003). Defendant has made no such showing.

Based upon the Court's experience and familiarity with rates in the Ocala Division, the

Court finds that a rate of $350.00 per hour is appropriate for Attorney Marino and a rate of $200.00 per hour is appropriate for Attorney Wimbush. Therefore, the Court finds the following to be an appropriate fee award to Defendant for this case:

| ATTORNEY | ALLOWED RATE | ALLOWED HOURS | ADJUSTED AMOUNT |
|---|---|---|---|
| Stephen A. Marino | $350/hour | 3.0 | $1,050.00 |
| Rochelle N. Wimbush | $200/hour | 31.8 | $6,360.00 |
| **TOTAL** | | **34.8** | **$7,410.00** |

## IV. CONCLUSION

Based on the foregoing, it is **ORDERED** as follows:

1. Magistrate Judge Lammens' Report and Recommendations (Doc. No. 28), filed on February 21, 2014, is **ADOPTED and CONFIRMED** and is made a part of this Order.

2. Defendant Nancy Calhoun's Motion for Attorney Fees (Doc. No. 25), filed on November 8, 2013, is **GRANTED in part** and **DENIED in part** to the extent provided in this Order.

3. Defendant Nancy Calhoun's Objection to the Magistrate Judge's Report and Recommendations (Doc. No. 29), filed on March 7, 2014, is **OVERRULED**.

4. Defendant Nancy Calhoun's Motion for Leave to File Under Seal Unredacted Time Records (Doc. No. 30), filed on March 7, 2014, is **DENIED**.

5. The Clerk is **SHALL ENTER** a final judgment as follows: Defendant Nancy Calhoun is awarded attorney's fees in the amount of $7,410.00 against Plaintiff The Travelers Home and Marine Insurance Company.

**DONE** and **ORDERED** in Orlando, Florida on April 1, 2014.

_____
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties
Magistrate Judge Lammens